## THE STATE OF GEORGIA *v.* TENNESSEE COPPER COMPANY AND THE DUCKTOWN SULPHUR, COPPER & IRON COMPANY, LIMITED.

MOTION TO ENTER A FINAL DECREE AGAINST THE DUCK-TOWN SULPHUR, COPPER & IRON COMPANY, LIMITED.

No. 1, Original.—Ordered to be entered June 1, 1915.

Decree entered pursuant to opinion delivered May 1915, *ante*, p. 475, and appointing inspector to observe operations of plant of defendant, Ducktown Sulphur, Copper & Iron Company, Limited, and requiring said defendant to prevent escape of fumes carrying more than a specified amount of sulphur.

## DECREE

On consideration of the motion of complainant for final injunction, the application of defendant Ducktown Sulphur, Copper & Iron Company, Limited, to show changed conditions, the proof submitted thereon, and of the argument of counsel thereupon had, and the Court being

of opinion that by reducing the amount of sulphur discharged into the air said defendant probably can operate its plant without subjecting the territory of Georgia to serious danger of immediate injury, and deeming it desirable to be more fully informed concerning the true conditions and results which may be obtained by subduing the noxious gases discharged,

IT IS ACCORDINGLY ordered, adjudged and decreed:

(1) That the defendant Ducktown Sulphur, Copper & Iron Company, Limited, shall hereafter keep daily records showing fully and in detail the course and result of its operations.

(2) That Dr. John T. McGill, of Vanderbilt University, Nashville, Tennessee, is hereby appointed Inspector to observe the operations of said defendant's plant and works. He shall be given by it at all times free and full access to its books, records and premises, and during the next six months he shall make frequent and careful observations—at least one each fortnight—of the conditions of the plant and works, the manner of their operation, the quantity and character of smoke emitted therefrom, and the resulting effect upon vegetation within the vicinity and in the State of Georgia. At the end of that time he shall make a full report of his observations accompanied by recommendations as to appropriate future action. To cover necessary costs and expenses incident to these services and the reasonable compensation of the Inspector, the defendant Ducktown Sulphur, Copper & Iron Company, Limited, is hereby directed to deposit with the Clerk of this Court, within ten days, the sum of five thousand dollars. Of this sum not exceeding two thousand dollars shall be paid from time to time, prior to October 12th next, by the Clerk to the Inspector, upon his written application, to cover costs, expenses, and on account of his services, etc.

(3) That said defendant hereafter shall not permit the

escape into the air from its works of fumes carrying more than 45% of the sulphur contained in the green ore subjected to smelting.

(4) That it shall not hereafter permit the escape into the air of gases the total sulphur content of which shall exceed twenty tons during one day from April 10th to October 1st of each year or exceed forty tons in one day during any other season.

(5) That the cause will be retained upon the docket for such further action as may be proper and either party may at any time hereafter apply for relief as it may be advised.

June 1, 1915.